UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

  Plaintiff,

v.  Case No. 18-CR-0018

DAVID L. SHANKS, JR.,

  Defendant.

## ORDER FOR DEFENDANT TO APPEAR FOR TRIAL

  Defendant David L. Shanks, Jr., is charged with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances, along with six separate counts of Distributing Controlled Substances. One of the deliveries is alleged to have resulted in the death of another, and two of the deliveries are alleged to have resulted in serious bodily injury to others. In addition, the Government has filed an Information pursuant to 21 U.S.C. § 851 advising the Court of two of Shanks' previous convictions for felony drug offenses. The result is that several of the pending charges carry a mandatory penalty of life in prison. Shanks is currently held in custody at the Brown County Detention Center, and trial is scheduled to commence on September 10, 2018.

  On August 15, 2018, Attorney Edward J. Hunt filed a motion to withdraw as Shanks' court appointed attorney on the ground that Shanks would not authorize or permit him to speak on his behalf before the Court or in any other legal matter. Because of the number of out-of-state witnesses it intended to call at trial, the Government requested a prompt determination of counsel's motion so that it could plan accordingly. On August 23, 2018, the Court conducted a hearing on the motion, at which Shanks appeared in person and with his attorney. After questioning Shanks, including

during a portion of the hearing where the Assistant U.S. Attorney representing the Government was excused, the Court denied Attorney Hunt's motion. While it is true Shanks did not want Attorney Hunt to speak for him, Shanks was also unwilling to waive his right to counsel. The Court could find no grounds for allowing Hunt to withdraw simply because his client chose not to allow him to speak on his behalf, nor was there any reason to believe that appointing new counsel would lead to a different result. The Court therefore denied the motion and directed Attorney Hunt that, notwithstanding Shanks' instructions, he was required under this Court's order of appointment to speak on Shanks' behalf in court and in preparation for trial, and use his best efforts to represent Shanks as best he can under the circumstances. Shanks was advised that failing to communicate with his attorney would likely harm his defense at trial, but that the trial would proceed as scheduled and he would have only himself to blame if his failure to cooperate with his attorney harmed his defense.

Following the hearing, the Court was advised by Deputy U.S. Marshal Kris Haven, who assisted in transporting Shanks to the courthouse, that Shanks stated he did not intend to appear for his trial. Instead, Shanks planned to remain in his cell at the Brown County Detention Center. Shanks confirmed his intent on August 28, 2018, conveying to Deputy Haven through one of the detention center correctional officers that he would not attend the Final Pretrial Conference that was scheduled to take place at 1:30 p.m. that day. Since the Pretrial Conference involved only questions of law and housekeeping matters, the Court concluded Shanks' appearance was unnecessary and proceeded with the hearing. The same is not true for trial, however. This Order is intended to address Shanks' stated intent to absent himself from his trial.

There is no question that under the Sixth Amendment an accused has a right to be present at trial. *Illinois v. Allen,* 397 U.S. 337, 338 (1970). The right to attend one's own trial is an

important right, and it should not be given up simply because the defendant does not agree with the rulings of the Court or the actions of the attorneys, or because he believes the result will be unfavorable. By appearing at his trial, a defendant reminds the jury of the importance of the matter before them—that their decision has an impact on a real "flesh and blood" human being. As the person with the most knowledge about what he did and did not do, a defendant has a unique ability to assist his attorney in his defense by suggesting lines of questioning for certain witnesses and identifying other witnesses who might have relevant and exculpatory evidence. A defendant who waives his right to be present at his own trial is also giving up other important rights guaranteed by the Constitution, including the right to confront the witnesses against him and to testify on his own behalf.

The defendant's presence at his own trial is also important to the public. The defendant's presence provides greater assurance that the evidence being offered by the prosecution is properly tested, that the trial is fair, and that the verdict reached by the jury is trustworthy. As a result, the public is able to have greater confidence in the result than would be the case if the trial was to take place without the defendant there to challenge the prosecution's evidence and, if he chooses, to offer evidence on his own behalf, including but not limited to his own testimony concerning the events in question.

Because of the importance of the defendant's presence at trial both for his own benefit and for that of the public, the Court will order Shanks to appear at and attend his own trial. And since Shanks is being held in custody at the Brown County Detention Center, the Deputy Marshals assigned to the Court will arrange his transportation to the courthouse for trial.

At the same time, the Court recognizes that the right to be present at one's trial can be

waived either voluntarily or by disruptive conduct on the part of the defendant. *Allen*, 397 U.S. at 342–43; *United States v. Velazquez*, 772 F.3d 788, 799–800 (7th Cir. 2014); *see also* Fed. R. Crim. P. 43(c). Rule 43 is explicit:

> A defendant who was initially present at trial . . . waives the right to be present . . . under the following circumstances:
>
> > (A) when the defendant is voluntarily absent after the trial has begun, regardless of whether the court informed the defendant of an obligation to remain during trial;
> >
> > * * *
> >
> > (C) when the court warns the defendant that it will remove the defendant from the courtroom for disruptive behavior, but the defendant persists in conduct that justifies removal from the courtroom.

Fed. R. Crim. P. 43(c)(1)(A), (C).

In *United States v. Benabe*, 654 F.3d 753 (7th Cir. 2011), the court held that the plain meaning of Rule 43 does not provide for waiver of the right to be present unless a defendant is "initially present at the trial." *Id*. at 771 (quoting Rule 43(c)(1)). Thus, it appears that in order for the defendant to voluntarily waive his right to be present at trial, he must attend at least the beginning of the trial so that the Court may fully advise him of his right to be present throughout and to assist his attorney in his defense. On the other hand, *Benabe* also held that any violation of Rule 43(c)(1) in that case was harmless where prior to the commencement of trial, the defendants knowingly and voluntarily waived their constitutional right to be present at trial when they assured the trial court on the day before the trial that they intended to continue their tandem campaign of obstreperous interruptions and frivolous legal arguments if they were brought to court the following day, and on the morning of trial chose not to appear and even speak to their attorneys. *Id.* at 772–73; *but see*

4

*United States v. Bethea*, 888 F.3d 864, 866 (7th Cir. 2018) (noting that "[t]he presence requirement is couched in mandatory language—'the defendant must be present'" (citing *In re United States*, 784 F.2d 1062, 1062–63 (11th Cir. 1986) ("The rule's language is clear; the rule does not establish the right of a defendant to be present, but rather affirmatively requires presence."))). Accordingly, Shanks must be brought to court on the morning of September 10, 2018, if it can be safely accomplished without undue risk of serious injury to Shanks or the transporting officers.

Although it is the Court's intent that Shanks remain present throughout his trial, the Court will not order the use of force to insure his continued presence or to keep him in the courtroom. *See United States v. Velazquez*, 772 F.3d 788, 799 (7th Cir. 2014) ("Given the risk of injury to an obstreperous defendant, as well as to the guards forcibly moving him, this case illustrates the inadvisability of a bright-line rule that a defendant in custody can never be voluntarily absent."). Nor will the Court require that Shanks disrupt the proceedings in order to avoid being present. In other words, if after appearing for trial, Shanks insists that he not be forced to remain in the courtroom and threatens to be disruptive if forced to remain, the Court will not require that he actually engage in disruptive actions in order to be removed. But regardless of whether he chooses to remain or not, Shanks should understand that the trial will proceed.

In the event Shanks persists in his refusal to attend his own trial, the Court will attempt to provide access to audio and perhaps video of the trial so he can follow the proceedings from a holding cell within the federal courthouse. If he refuses to come to the courthouse, however, this may not be possible. In any event, efforts will be made to insure that if he changes his mind and decides to attend his trial, even after trial is underway, he will be immediately brought to court.

Shanks should also make arrangements, with family, friends or his attorney, to have civilian clothing available so that he is not forced to appear before the jury in a jail uniform.

In sum, **Shanks is ordered to appear at and attend his trial scheduled to begin on September 10, 2018 at 8:30 a.m.** The Clerk is directed to send a copy of this order to the Marshal, who shall hand deliver a copy of this order to Shanks at the Brown County Detention Center.

Dated at Green Bay, Wisconsin this   29th   day of August, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court
