UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

      Plaintiff,

  v.                                    Case No. 18-CR-18

DAVID L. SHANKS,

      Defendant.

## ORDER GRANTING MOTION TO AUTHORIZE PAYMENT
## FROM INMATE TRUST ACCOUNT

On September 13, 2020, Defendant David L. Shanks was convicted after a four-day jury trial of Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine, Cocaine, and Heroin resulting in Death; Distribution of Methamphetamine; Distribution of Heroin Resulting in Death; Distribution of Heroin resulting in Serious Bodily Injury; and Distribution of Methamphetamine. Shanks was sentenced to life imprisonment plus 360 months and ordered to pay a special assessment of $100.00 for each of the 6 counts, totaling $600, on December 3, 2018. The Judgment of the district court was affirmed on appeal. Now before the court is the government's motion requesting the court authorize payment of the balance of Shanks' special assessment from his trust account.

Shanks is sentenced to life imprisonment and the government's motion states that, as of October 1, 2020, his outstanding debt remains at $600.00, and the United States Attorney was informed that Shanks' balance in his release account was $6,815.51. Since Title 18 U.S.C. § 3613 sets forth the procedure for the United States to enforce criminal monetary penalties and the special assessment constitutes a lien in favor of the government on all property and rights to property of

the defendant to the same extent as a tax lien, the government avers that their lien would attach to the defendant's interest in funds held by the Bureau of Prisons (BOP) in Shanks' release account. The government submits that the funds at issue currently are in the government's possession, the government has a valid lien over this property, is not required to rely upon other formal collection remedies, and that the cash held in the inmate trust account does not fall within any applicable category wherein Shanks might be entitled to claim it as exempt property. Further, the government notes that, pursuant to 18 U.S.C. § 3664:

> If a person obligated to provide restitution, or pay a fine, receives substantial resources from any source, including inheritance, settlement, or other judgment, during a period of incarceration, such a person shall be required to apply the value of such resource to any restitution or fine still owed.

18 U.S.C. § 3364(n).

Shanks filed a response to the government's motion on October 26, 2020, stating the BOP has already withheld $600.00 from his release account, but that the government has failed to show that he has been negligent in paying the special assessment because he signed a contract with the BOP around April 2019 agreeing to pay $25.00 quarterly toward the assessment. He alleges that he has already paid approximately $150.00 toward the assessment and has never missed a payment. Shanks requested 30 days to collect documentation in order to show the court a record of the payments.

The fact that Shanks is participating in a program through the institution does not preclude the government from also seeking payment under the above-cited statutes. Shanks has the ability to pay the balance due on his assessment at this time. His desire to have additional funds available to him does not override the government's right to recover a lien that exists on his trust account funds. The government's motion is, therefore, granted.

2

IT IS THEREFORE ORDERED that Shanks $600.00 special assessment, less any payments previously made toward his special assessment, if any, may be collected from his release account.

Dated at Green Bay, Wisconsin this  5th  day of November, 2020.

s/ William C. Griesbach
William C. Griesbach
United States District Judge